**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOHN LUTHER OWENS,**

      **Petitioner,**

**vs.**                                  **4:10cv234-RH/CAS**

**KENNETH S. TUCKER,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

Petitioner John Luther Owens filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons stated herein, the Court recommends that the instant § 2254 petition be denied on the merits.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

## Procedural History

On June 4, 2010, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner challenges his convictions and sentences, following entry of an open nolo contendere plea, for trafficking in cocaine, conspiracy to traffic in cocaine, and possession of cocaine with intent to sell or deliver, in case number 2004-CF-329, in the Second Judicial Circuit, Leon County, Florida.  Docs. 1 and 10.

This Court twice directed Petitioner to amend his petition.  Docs. 5 and 8.  With his second amended § 2254 petition (Doc. 10), Petitioner filed a motion to accept amendment (Doc. 9).  This Court granted the motion to accept amendment to the extent that the Court directed service of the second amended § 2254 petition on Respondent, and the Court indicated that "any argument that the petition is incomplete or untimely may be made by Respondent."  Doc. 11.

Thereafter, Respondent filed a motion to dismiss the second amended petition, attaching portions of the record.  Doc. 12.  In a detailed order dated December 6, 2011, this Court noted, among other things, that Petitioner appeared to have a then-still pending Florida Rule of Criminal Procedure 3.800 motion, which may affect the exhaustion of state court remedies requirement for at least one of the two grounds raised in his § 2254 petition.  Doc. 13 at 2-3.  The Court explained:

> Given the procedural history and referencing Petitioner's initial § 2254 petition for information regarding plea negotiations, it seems likely that if the sentencing claim was not properly exhausted, then it is technically exhausted by procedural bar.  The state could conceivably disregard any procedural bar and rule on the merits of the federal claim, but there may not be a valid federal claim.

*Id.* at 4.  The Court noted that to the extent Petitioner now asserts a sentencing error, such claim appears meritless:

> As Petitioner entered a no contest plea to the offenses as charged, it is hard to imagine constitutional error in the state court sentencing him to those offenses.  Further, any error in sentencing should have been raised at the time of sentencing or on appeal, and would now appear to be procedurally defaulted as opposed to exhausted.

*Id.* at 3.  The Court indicated it "has none of the facts of the offenses before it, or the relevant state court documents" and further indicated that "Petitioner may have waived any defenses to the charges, or his right to appeal the sentence, or any number of things as part of his plea agreement."  *Id.* at 5.  The Court therefore directed Respondent to file an amended motion to dismiss to the second amended petition, and denied the initial motion to dismiss as moot.  *Id.*  The Court also directed Petitioner to file a reply to Respondent's amended motion to dismiss.  *Id.*

On January 12, 2012, Respondent filed the second motion to dismiss second amended petition asserting that the two claims raised by Petitioner are procedurally defaulted.  Doc. 16.  Respondent attached exhibits containing relevant documents from the state court record.  *See id.*

On January 27, 2012, Petitioner filed a motion requesting an extension of time to file a response to Respondent's motion.  Doc. 18.  By order dated February 3, 2012, this Court granted Petitioner's request for additional time and directed that Petitioner file his reply on or before March 12, 2012.  Doc. 19.  Petitioner has not filed a reply.

This Court now considers Petitioner's second amended § 2254 petition (Doc. 10), which raises two grounds, together with Respondent's second motion to dismiss second

amended petition and exhibits thereto (Doc. 16).  As explained below, even assuming

Petitioner's claims are not procedurally defaulted, the claims lack merit and the instant §

2254 petition should be denied.

## State Court Proceedings

As referenced above, in January 2005, Petitioner entered an open plea of nolo

contendere to three counts:  (1) trafficking in cocaine; (2) conspiracy to traffic in

cocaine; and (3) possession of cocaine with intent to sell or deliver.  Doc. 16, Exs. B

(plea form) and C (transcript of plea hearing).  The trial court conducted a plea colloquy,

accepted the plea, and adjudicated Petitioner guilty on all charges.  Doc. 16, Exs. C, D,

and E.  In August 2005, the court sentenced Petitioner to 30 years in prison on each of

the first two counts and 15 years in prison on the third count, with all sentences to run

concurrently. Doc. 16, Ex. E.

Petitioner appealed his judgment and sentence to the First District Court of

Appeal (DCA).  On the same day the notice of appeal was filed, Petitioner also filed a

motion to withdraw his plea.  Doc. 16, Ex. G.  The trial court struck that motion for lack

of jurisdiction, given the pending appeal.  Doc. 16, Ex. H.  On August 11, 2006, the First

DCA issued a per curiam affirmance without opinion for the direct appeal; the mandate

issued September 6, 2006.  See Owens v. State, 936 So. 2d 568 (Fla. 1st DCA 2006)

(table); Doc. 16, Ex. J; online docket for case number 1D05-4540 at www.1dca.org.

On March 13, 2007, Petitioner filed a pro se motion for post-conviction relief

pursuant to Florida Rule of Criminal Procedure 3.850.  Doc. 16, Ex. M.  Petitioner raised

seven grounds in his Rule 3.850 motion:

(1) Trial counsel rendered ineffective assistance by misadvising Petitioner as to the consequences of entering a plea, specifically the length of the sentence, thus rendering his plea involuntary.  Prior to sentencing, Petitioner notified his trial counsel that he wished to withdraw his plea and proceed to trial.  Counsel advised Petitioner that it was his "strong recommendation" that Petitioner not withdraw his plea as counsel was targeting a three-year sentence and believed it was "very much attainable" given Petitioner's cooperation.  *Id.* at 3-4.

(2) Trial counsel rendered ineffective assistance by filing Petitioner's notice of appeal prior to disposition of Petitioner's motion to withdraw plea.  Petitioner's allegations in the motion were facially sufficient and Petitioner was entitled to a hearing.  *Id.* at 5-7.

(3) The trial court erred in striking Petitioner's motion to withdraw his plea, thereby depriving Petitioner of a fundamental due process right to challenge the voluntariness of his plea.  Because the motion to withdraw the plea and the notice of appeal were filed on the same day, the more appropriate remedy would have been for the trial court to rule on the motion.  *Id.* at 8-9.

(4) Trial counsel rendered ineffective assistance by failing to appeal the trial court's order striking Petitioner's motion to withdraw the plea and failing to advise Petitioner that he could appeal that order.  If Petitioner had been properly advised, he would have appealed the order.  Neither the court nor counsel provided Petitioner with a written copy of the trial court's order; more than a year later, one of Petitioner's family members obtained a copy of the order, but by then it was too late to appeal.  If counsel had consulted with Petitioner, Petitioner would have opted to pursue an appeal of this order.  *Id.* at 10-12.

(5) Trial counsel rendered ineffective assistance by failing to advise Petitioner that he could not be convicted of both trafficking in cocaine and possession of cocaine with intent to sell or deliver if the two offenses arose out of the same criminal episode.  Counsel's failure to advise Petitioner that he could not lawfully be convicted of both trafficking in cocaine and possession of the same cocaine with intent to sell or deliver violated Petitioner's constitutional right against double jeopardy.  The information in this case indicates that Petitioner committed the offenses on January 9, 2004.  Both convictions arose out of a single criminal episode based on the same quantity of cocaine, 14.6 grams of white powder cocaine delivered during a controlled buy, as sworn in the probable cause affidavit.  Petitioner wanted to go to trial and there is a reasonable probability that a jury could have found him not guilty; however, "based on

counsel's assurances of leniency and other coercive arguments,"
Petitioner waived trial.  *Id.* at 12-15.

(6) Trial counsel rendered ineffective assistance in allowing Petitioner to
enter a plea to trafficking and conspiracy to traffic, where the evidence
seized at the time of the offenses failed to qualify for a trafficking charge.
Trial counsel knew or should have known that the amount seized in the
controlled buy – 14.6 grams – as sworn to in the State's summary of
offense and probable cause affidavit, could not qualify to charge Petitioner
with trafficking in cocaine.  *Id.* at 15-17.

(7) The trial court erred in illegally sentencing Petitioner for an offense with
which he could not legally be charged.  From the amended information
filed February 17, 2004, and the State's probable cause affidavit, the
amount of cocaine seized during the controlled buy – 14.6 grams – is
insufficient to support a charge under the trafficking statute.  Section
893.135(1)(b)1.a., Florida Statutes, provides the quantity involved must be
28 grams or more, but less than 200 grams, to be punishable as a first
degree felony.  In addition, because the facts stated in the information
failed to establish Petitioner possessed the requisite quantity, the
subsequent conspiracy offense must be dismissed.  As such, the trial
court erred in sentencing Petitioner for an offense with which he never
should have been charged.  *Id.* at 17-19.

On February 25, 2008, the trial court held an evidentiary hearing on all the

grounds raised in the Rule 3.850 motion.  Doc. 16, Ex. P.  Petitioner and his trial

counsel testified at the hearing.  *Id.*  In a detailed order rendered September 8, 2008,

the trial court addressed the merits of each claim and denied the Rule 3.850 motion.

Doc. 16, Ex. Q.

Petitioner appealed the order denying his Rule 3.850 motion to the First DCA

and, proceeding pro se, filed an initial brief raising two points for appellate review:

**POINT ONE**

**"THE LOWER TRIBUNAL ABUSED ITS DISCRETION IN NOT
GRANTING POST CONVICTION COUNSEL TO APPELLANT FOR THE
PURPOSES OF AN EVIDENTIARY HEARING"**

**POINT TWO**

**"THE TRIAL COURT IMPROPERLY DENIED APPELLANT'S MOTION FOR POST CONVICTION RELIEF BASED ON A LACK OF COMPETENT SUBSTANTIAL EVIDENCE TO SUPPORT THIS FINDING"**

Doc. 16, Ex. S at 2.  The State did not file an answer brief.  Doc. 16, Ex. T. On January 19, 2010, the First DCA per curiam affirmed the appeal without opinion, and the mandate issued February 17, 2010.  *See* Owens v. State, 26 So. 3d 835 (Fla. 1st DCA 2010) (table); Doc. 16, Ex. V; online docket for 1D08-4925 at www.1dca.org.  Petitioner filed a motion for clarification or rehearing, which the First DCA denied by order issued April 1, 2010.  Doc. 16, Ex. W.

On June 4, 2010, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  As indicated above, this Court twice directed Petitioner to amend his petition (Docs. 5 and 8), and he filed his second amended § 2254 petition on October 11, 2010 (Doc. 10).

**Analysis**

In the instant § 2254 petition, Petitioner asserts two grounds: (1) trial counsel rendered ineffective assistance by failing to advise Petitioner of the double jeopardy violation resulting from his convictions for trafficking in cocaine, conspiracy to traffic in cocaine, and possession of cocaine with intent to sell and (2) the trial court committed an illegal sentencing error because the charging information filed by the State did not reflect that Petitioner's offenses were committed at different times but instead indicated that all offenses were committed on January 9, 2004.  Doc. 10 at 4.  Neither claim has merit.

Ground 1:  Ineffective Assistance of Counsel

In Ground 1, Petitioner asserts that had counsel advised him of the double

jeopardy violation resulting from his convictions for trafficking in cocaine, conspiracy to

traffic in cocaine, and possession of cocaine with intent to sell, he would not have

entered the plea and instead demanded a trial.  *Id.* Doc. 10, at 4A.  Petitioner argues

these offenses were carried out in the same criminal episode as reflected by the

charging information.  *Id.* at 4-4A.  Petitioner states that he did not previously raise this

claim in state court by direct appeal, Rule 3.850 motion, or otherwise.  *Id.* at 4.

In the motion to dismiss, Respondent points out that Petitioner raised a similar

claim in his Rule 3.850 motion.  Doc. 16, p. 5.  Specifically, and as discussed above, in

Ground 5 of that motion, Petitioner asserted his counsel was ineffective in advising him

to enter a no contest plea to charges of trafficking in cocaine and possession of cocaine

with intent to sell or deliver because the offenses were committed in the same criminal

episode and such dual convictions violate double jeopardy.  Doc. 16, Ex. M at 12-15,

25-25.  The state court heard testimony and argument on this claim at a post-conviction

evidentiary hearing.  *See* Doc. 16, Ex. P at 12-13, 17-19, 36-40, 44-45.  At no point,

however, did Petitioner include in this claim the charge of conspiracy to traffic in

cocaine.  *See* Doc. 16, Exs. M and P.

As Respondent explains, the state trial court denied Ground 5 of Petitioner's

3.850 motion in a written order.  Doc. 16, Ex. Q.  Specifically, the court's order finds:

> Defendant alleges counsel was ineffective for failure to advise
> Defendant he could not be convicted of both trafficking in cocaine and
> possession of cocaine with intent to sell if the two offenses arose out of
> the same criminal episode, which Defendant claims violates double
> jeopardy.  This claim is without merit because the record shows Defendant

could have been convicted of both trafficking and possession with intent to sell, as the two charges did not arise out of the same quantity of cocaine and were not a result of a single criminal episode.

As argued by the State and testified to by trial counsel . . . at the evidentiary hearing, even though the Information alleged the offenses took place on Jan. 9, 2004, the case involved transactions with multiple persons over an extended period of time.  The probable cause affidavit describes how an undercover officer was put in touch by a confidential informant with a woman from whom the officer bought 14.6 grams of cocaine on Jan. 9, 2004, presumably involving Defendant at the Collegiate Inn.

After several phone calls in January between the woman and the officer, on Jan. 27, 2004, in another controlled buy situation the officer purchased 35.8 grams of cocaine from the woman, and this time the woman left the officer's car and got the cocaine directly from Defendant's vehicle and brought it back.  A short while later on the same day, surveillance teams observed Defendant's vehicle conducting another drug deal with a separate vehicle, and when that group was arrested, quantities of 29 grams of cocaine and 20 grams of cocaine were found on the ground around the vehicle.

At the plea hearing, the Court found there was a factual basis for all three charges.  Additionally, trial counsel . . . testified at the evidentiary hearing that there was a factual basis for each of the charges, and due to the way they were trying to steer the case, he was "not certain that there was really a basis to challenge those types of things," because "it was not going to have an appreciable impact on scoresheets and things like that."

Because there is no double jeopardy violation, Defendant has not shown either deficient performance or prejudice as required by Strickland [v. Washington, 466 U.S. 668 (1984)].  Ground 5 is denied.

Doc. 16, Ex. Q at 6-7 (citations to record omitted).  As indicated above, Petitioner

appealed this order to the First DCA and, in his pro se brief, raised only two points,

neither of which specifically challenged the denial of Ground 5.  Doc. 16, Ex. S, p. 2.

This is the basis of Respondent's procedural default argument for claim 1 of the instant

§ 2254 petition.

In particular, in the motion to dismiss, Respondent asserts the only ineffective

assistance of counsel claim for which Petitioner sought appellate review involved

Ground 6 of the Rule 3.850 motion, not Ground 5.  Doc. 16, pp. 8-9.  As Respondent

points out, an issue is deemed abandoned if not presented on appeal.  *See* Atwater v.

Crosby, 451 F.3d 799, 809-10 (11th Cir. 2006) ("Pursuant to state procedural rules,

abandonment of an issue results from submission of a brief without argument thereon in

an appeal of an order denying relief after an evidentiary hearing."); *see also, e.g.,*

Carroll v. State, 815 So. 2d 601, 609 n.7 (Fla. 2002) (finding issue insufficiently

presented for review where appellant failed to assert any definitive argument on issue);

Shere v. State, 742 So. 2d 215, 217 n.6 (Fla. 1999) (finding claims insufficiently

presented for review where appellant did not present any argument or allege on what

grounds trial court erred in denying those claims); State v. Mitchell, 719 So. 2d 1245,

1247 (Fla. 1st DCA 1998) (concluding State abandoned claim where brief contained no

argument addressed to point raised in statement of issues).  Thus, if Petitioner

abandoned Ground 5 on appeal, he did not properly exhaust this claim in state court

and cannot now return to state court to do so, so it is procedurally defaulted.  *See*

Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Atwater, 451 F.3d at 810.

Although Petitioner did not present a point in his pro se appellate brief specifically

challenging the denial of Ground 5, Petitioner did reference that denial in the facts

portion of his brief and argued under the first point that he should have been appointed

counsel for the post-conviction evidentiary hearing because he could not properly

explain all of his issues.  *See* Doc. 16, Ex. S at 16, 19-21.  Petitioner also argued under

the second point that counsel was ineffective for allowing him to accept a plea for both

trafficking in cocaine and possession of cocaine.  *See id.* at 22.  Further, to the extent

Petitioner did not include all three charges in Ground 5, because Petitioner did not have

counsel appointed for that post-conviction initial proceeding, it is not clear that the State

can obtain the benefit of a procedural default.  *See* Martinez v. Ryan, ___ U.S. ___, 132

S. Ct. 1309, 1318 (2012) ("[W]hen a State requires a prisoner to raise an ineffective-

assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish

cause for a default of an ineffective-assistance claim . . . where the state courts did not

appoint counsel in the initial-review collateral proceeding for a claim of ineffective

assistance at trial.").

Even assuming this claim is not procedurally defaulted, however, the claim lacks

merit.  *See id.* ("To overcome the default, a prisoner must also demonstrate that the

underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to

say that the prisoner must demonstrate that the claim has some merit.").  A federal court

may not grant a state prisoner's habeas petition "unless the relevant state court decision

'was contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States.'"  Knowles v.

Mirzayance, 556 U.S. 111, 121 (2009); *see* 28 U.S.C. § 2254(d)(1).

The test set forth in Strickland v. Washington applies to ineffective assistance of

counsel claims arising out of the plea process.  Hill v. Lockhart, 474 U.S. 52, 57-58

(1985).  When a defendant has entered a plea while represented by counsel, as here,

"the voluntariness of the plea depends on whether counsel's advice 'was within the

range of competence demanded of attorneys in criminal cases.'"  *Id.* at 56 (quoting

McMann v. Richardson, 397 U.S. 759, 771 (1970)).  "[A] defendant who pleads guilty

upon the advice of counsel 'may only attack the voluntary and intelligent character of

the guilty plea by showing that the advice he received from counsel was not within the

standards set forth in McMann.'" *Id.* at 56-57 (quoting Tollett v. Henderson, 411 U.S.

258 (1973)).  That a plea is one of nolo contendere, as here, rather than guilty, does not

warrant a different analysis for purposes of habeas corpus.  *See* North Carolina v.

Alford, 400 U.S. 25, 35-37 (1970); *see also* Florida v. Royer, 460 U.S. 491, 495 n.5

(1983) (explaining that "[u]nder Florida law, a plea of nolo contendere is equivalent to a

plea of guilty").

For this Court's purposes, importantly, "[t]he question 'is not whether a federal

court believes the state court's determination' under the Strickland standard 'was

incorrect but whether that determination was unreasonable – a substantially higher

threshold.'"  Knowles, 556 U.S. at 123 (quoting Schiro v. Landrigan, 550 U.S. 465, 473

(2007)).  "And, because the Strickland standard is a general standard, a state court has

even more latitude to reasonably determine that a defendant has not satisfied that

standard."  *Id.*  It is a "doubly deferential judicial review that applies to a Strickland claim

evaluated under the § 2254(d)(1) standard."  *Id.*

Here, the state post-conviction trial court applied the Strickland test and denied

Petitioner's claim.  As that court found, documents in the record indicate the offenses at

issue took place on more than one day and involved multiple transactions. *See* Doc. 16,

Ex. Q at 6-7, quoted *supra.*  Further, at the plea hearing, the trial court found a factual

basis for all three charges and defense counsel also testified to this at the post-

conviction evidentiary hearing.  *See* Doc. 16, Ex. C at 5-6, 10 (transcript of plea

hearing); Doc. 16, Ex. P at 36-37 (transcript of post-conviction evidentiary hearing).  The

state post-conviction trial court thus concluded there was no double jeopardy violation

and, therefore, Petitioner had not shown either deficient performance by trial counsel or

prejudice as required by Strickland.  Doc. 16, Ex. Q at 7, quoted *supra.*

It was not unreasonable for the state court to conclude that Petitioner's trial

counsel's performance was not deficient.  Under the double deferential review this Court

applies to a Strickland claim evaluated pursuant to the § 2254(d)(1) standard,

Petitioner's ineffective assistance of counsel claim in Ground 1 fails.  Even had

Petitioner included all three charges in his state Rule 3.850 motion, given the stipulation

to the factual basis for all three charges and the record support for the finding that the

offenses occurred on more than one day and involved multiple transactions, there is no

double jeopardy violation here and the same result occurs.

Further, "[i]f a prisoner pleads guilty on the advice of counsel, he must

demonstrate that the advice was not 'within the range of competence demanded of

attorneys in criminal cases.'"  Tollett, 411 U.S. at 266 (quoting McMann, 397 U.S. at

771).  A defendant who enters a plea may not raise claims relating to alleged

deprivations of constitutional rights that occurred prior to entry of the plea, but rather

such a defendant may only attack the voluntariness of the plea by showing counsel's

advice fell below the McMann standard:

> [A] guilty plea represents a break in the chain of events which has
> preceded it in the criminal process.  When a criminal defendant has
> solemnly admitted in open court that he is in fact guilty of the offense with
> which he is charged, he may not thereafter raise independent claims
> relating to the deprivation of constitutional rights that occurred prior to the
> entry of the guilty plea.  He may only attack the voluntary and intelligent
> character of the guilty plea by showing that the advice he received from
> counsel was not within the standard set forth in McMann.

<u>Tollett</u>, 411 U.S. at 267.

Here, Petitioner's signature on the plea forms and statements at the plea hearing indicate that, among other things, Petitioner was satisfied with his attorney, understood any possible defenses and the potential sentence, understood he was waiving the right to proceed to trial, and believed the plea was in his best interest.  Doc. 16, Exs. B and C.  Specifically, on the plea form signed by Petitioner, he agreed to the following:

> (2)  I understand that a plea of not guilty denies my guilt, a plea of guilty admits my guilt, and a plea of no contest means that I will not contest the evidence against me.  I also understand that if the judge accepts this plea of guilty or no contest, there will be no trial and that I will be sentenced based on my plea.

> (3)  I understand the nature of the charges to which I am pleading and I am aware of the maximum and minimum penalties.  My lawyer has informed me of the facts the State would have to prove before I could be found guilty and discussed with me any possible defenses that could be raised in my case.  I am satisfied with my lawyer's advice and help.

> (4)  I understand that if the judge accepts this plea, I give up the right to a trial, the right to require the State to prove the charge against me beyond a reasonable doubt, the right to have a jury decide whether I am guilty or not guilty, the right to see and hear the witnesses against me and to have my lawyer question them, the right to subpoena and present witnesses or other evidence or any defenses I may have, and to testify or remain silent as I choose.

> (5)  I understand that by pleading guilty or no contest I am giving up the right to appeal all matters relating to the final judgment, including the issue of my guilt or innocence.  If the judge accepts this plea, the only issues I will be able to appeal are those relating to my sentence and the judge's authority to hear my case. . . .

> . . . .

> (8)  I have read this entire form carefully, front and back, and I understand all of the rights and duties explained in this form.

> . . . .

> I state to the Court that I am not under the influence of drugs or alcohol, that no one forced or threatened me to enter this plea, and that I am entering this plea freely and voluntarily.  I acknowledge that I am entering this plea because I believe it is in my best interest.

Doc. 16, Ex. B.

In addition, at the plea and sentencing hearing, Petitioner stated to the trial court that he wished to enter a plea because he believed it to be in his best interest.  Doc. 16, Ex. C at 8.  The judge set forth all three charges at issue here and explained that Petitioner had the right to a jury trial where the State would be required to prove the elements of the offenses beyond a reasonable doubt, and Petitioner stated that he understood.  *Id.* at 4.  The colloquy reflects:

> THE COURT: Mr. Owens, you're before the Court on the charges as outlined by [the prosecutor]; one count of trafficking in cocaine, one count of conspiracy to traffic[] in cocaine, one count of possession of cocaine with intent to sell . . . .

> As to those charges, you do have a right to have a trial by jury.  At that trial, you would have the right to remain silent.  You would have a right to confront the witnesses against you.  You would have a right to compel the attendance of witnesses on your behalf.  You also have a right to persis in your present plea of not guilty, and if you should do so, it would be the State's job to prove your guilt to a jury beyond a reasonable doubt.  You also have the right to be represented by an attorney at all stages of these proceedings.  However, if I accept your plea of no contest here today, then you waive or give up those rights that I've just listed.  Do you understand that, sir.

> THE DEFENDANT:  Yes, sir.

> THE COURT: You also waive, that is, you give your right to appeal.  Anything relating to the judgment and sentence.  The only appeal that would still exist would be as to the legality of the sentence.  Do you understand that you're waiving your appeal rights?

> THE DEFENDANT:  Yes, sir.

*Id.* at 4-5.  The judge questioned Petitioner about whether he understood that, based

upon entry of the pleas, he could be sentenced to thirty years each on the charges of

trafficking and conspiracy to traffic, and fifteen years on the charge of possession with

intent to sell. *Id.* at 8. Petitioner indicated that he understood. *Id.* The prosecutor

stated that to the court, "You've gone over the maximums that he is sustainable for, the

actual charges, but his score sheet does indicate that it is a possibility that he could be

sentenced to life." *Id.* at 9. The judge asked Petitioner if he signed the plea form and

went over the form with his attorney, and Petitioner answered, "Yes, sir." *Id.* at 9-10.

The colloquy continued:

> THE COURT: And did he [Petitioner's attorney] answer any questions you
> had about the rights you're giving up and the status of your case?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you have any questions of me about either of those
> things?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: There is no agreement in this case. That means, if it turns
> out that the guidelines are as the State has indicated, that I could be
> required to sentence you to life in prison. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Has anybody threatened you in any way or promised you
> anything, other than what's been stated here, on the record, to get you to
> enter this plea?
>
> THE DEFENDANT: No, sir.

*Id.* at 10. The court accepted the plea, finding the facts sufficient to sustain the plea,

that Petitioner understood the nature of the charges and appreciated the consequences

of the plea, and that Petitioner's decision to enter the plea was made freely and

voluntarily. *Id.* at 10-11. The court accepted the plea. *Id.* at 11.

Given these circumstances, any allegations by Petitioner that his plea was not knowing and voluntary, because of alleged misadvice by counsel prior to entering the plea, lack merit.  *See* Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *see also* Stano v. State, 520 So. 2d 278, 279-80 (Fla. 1988) (affirming summary denial of Rule 3.850 motion and agreeing with trial court's finding:  "Once the Defendant enters a plea of guilty before this Court, and assures the Court under oath that the plea is voluntary, the Court will not go behind the plea.  The plea cuts off inquiry into all that precedes it.  The Defendant is barred from contesting events happening before the plea.").  Petitioner has not shown that any alleged ineffective assistance affected the outcome of the plea process.  *See* Hill, 474 U.S. at 58-59; Tollett, 411 U.S. at 267.  Under the deferential review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard, Petitioner's ineffective assistance of counsel claim fails.  Ground 1 should be denied.

Ground 2:  Illegal Sentence

In Ground 2, Petitioner asserts the trial court committed an "illegal sentencing error" because the information filed by the State did not reflect that Petitioner's offenses were committed at different times but instead indicated that all offenses were committed on January 9, 2004.  Doc. 10, p. 4.  Petitioner asserts the trial court erred in sentencing

him "to the offenses as having been carried out at different times not stated in the information."  *Id.* at 4B.  Petitioner states that he raised this claim in a Rule 3.800(a) motion to correct illegal sentence.  *Id.* at 5.

> The state trial court summarily denied Petitioner's Rule 3.800(a) motion:

> The only contention by the defendant is that some of the dates in the information are incorrect.  This is not a proper subject for a motion pursuant to rule 3.800(a).  This is not something that can be determined from the face of the record.  Nor does a dispute as to the exact date of the offense make the sentence illegal.

Doc. 16, Ex. Y.  Petitioner did not appeal this order.  Thus, Respondent argues this claim is unexhausted and, as the time for filing a notice of appeal has expired, procedurally defaulted.  Doc. 16 at 15; *see* O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (providing that, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Even assuming the claim is not procedurally defaulted, the claim should be denied.  As Respondent indicates in the motion to dismiss, a claim of an illegal sentence based solely on an alleged defect in the charging document is not properly the subject of a § 2254 petition.  Doc. 16, at 15; *see* DeBenedictis v. Wainwright, 674 F.2d 841, 842 (11th Cir. 1982) ("The sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction.").  The sole defect alleged by Petitioner here is that the information contains only one date for the various charges.  *See* Doc. 10, at 4-4B.  Petitioner acknowledges "all the offenses were not committed on January 9, 2004."  *Id.* at 4B.  Nevertheless, Petitioner argues the trial

judge erred in sentencing him to the offenses "as having been carried out at different times not stated in the information," because the information included only January 9, 2004, as the offense date. *Id.* at 4B. Petitioner's plea to these charges waived any such defect in the information. *See* Bradley v. State, 3 So. 2d 1168, 1171 (Fla. 2009) (holding that "Bradley's explicit plea to the discharge of a firearm constituted an express waiver of the defect in the charging information" where the information did not allege he discharged a firearm during offense); Billiot v. State, 711 So. 2d 1277, 1278 (Fla. 1st DCA 1998) (explaining "case law has allowed a plea to supply the missing elements from an indictment or information"). Ground 2 should be denied.

## Conclusion

Based on the foregoing, Petitioner is not entitled to federal habeas relief. The instant § 2254 petition (Doc. 10) should be denied on the merits.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner's second amended § 2254 petition (Doc. 10).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida on May 17, 2012.


 S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO PARTIES

**Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:10cv234-RH/CAS